UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BATH & BODY WORKS BRAND MANAGEMENT, INC., <br><br> Plaintiff, <br><br> -against- <br><br> SUMMIT ENTERTAINMENT, LLC, <br><br> Defendant. <br><br> ─────────────────────── <br><br> SUMMIT ENTERTAINMENT, LLC, <br><br> Counterclaimant <br><br> -against- <br><br> BATH & BODY WORKS BRAND MANAGEMENT, INC, and DOES 1 TO 10, <br><br> Counterdefendants. | Case No.:  11 Civ. 1594 (GBD) <br><br> ECF Case <br><br> **DEFENDANT AND COUNTERCLAIM PLAINTIFF SUMMIT ENTERTAINMENT, LLC'S ANSWER AND COUNTERCLAIMS** <br><br> **JURY TRIAL DEMANDED** |

## ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT

Defendant Summit Entertainment, LLC ("Summit") hereby answers the Complaint of Plaintiff Bath and Body Works Brand Management, Inc. ("BBW") as follows:

## NATURE OF THE ACTION

1.       Summit admits that BBW has brought an action for declaratory relief and that Summit has claimed that BBW's use of the trademark TWILIGHT WOODS in connection with BBW products, including fragrances, lotions and other personal care products, infringes and dilutes Summit's trademark rights in its TWILIGHT trademarks and its other rights associated with Summit's motion pictures, *Twilight*, *The Twilight Saga: New Moon* ("*New Moon*"), and *The Twilight Saga: Eclipse*, ("*Eclipse*") ("the *Twilight* Motion Pictures"), but otherwise denies the allegations in paragraph 1 of the Complaint.

## PARTIES

2.      Summit lacks information and belief as to the allegations in paragraph 2 of the Complaint, and therefore denies the same.

3.      Summit admits that it is a Delaware limited liability company having its principal place of business in Santa Monica, California, but otherwise denies the allegations in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      Summit admits that the Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), but otherwise denies the allegations in paragraph 4 of the Complaint.

5.      In response to the allegations in paragraph 5 of the Complaint, Summit admits that this Court has personal jurisdiction over it, but otherwise denies the allegations in paragraph 5.

6.      Summit denies that venue is proper in this District and furthermore states that even if venue is proper, it is inconvenient.  Summit otherwise denies the allegations in paragraph 6 of the Complaint.

## FACTS

7.      Summit admits the allegations in paragraph 7 of the Complaint.

8.      Summit admits that it sent BBW a demand letter on November 1, 2010, but otherwise denies the allegations in paragraph 8 of the Complaint.

9.      Summit admits that BBW sent a letter on November 22, 2010 disagreeing with Summit's claims of infringement and dilution, but otherwise denies the allegations in paragraph 9 of the Complaint.

10.      Summit admits that it wrote a letter dated January 27, 2011 stating that BBW had infringed Summit's TWILIGHT Marks; that BBW's TWILIGHT WOODS products featured the color palette used by Summit in promotion of *New Moon*, and that BBW's TWILIGHT WOODS products infringed Summit's trade dress rights in its licensed LUNA TWILIGHT cosmetic products, but otherwise denies the allegations in paragraph 10 of the Complaint.

2

11.     Summit admits that its January 27, 2011 letter stated "failure to adequately respond will result in Summit's full consideration of its options for recourse, and redress", but otherwise denies the allegations of paragraph 11 of the Complaint.

12.     Summit admits that BBW has denied that it has infringed Summit's TWILIGHT Marks and trade dress, and incorporates by reference its responses to paragraphs 7 through 11 of the Complaint, but otherwise denies the allegations of paragraph 12 of the Complaint.

13.     Summit denies the allegations in paragraph 13 of the Complaint.

14.     Summit denies the allegations in paragraph 14 of the Complaint.

15.     Summit lacks information and belief as to the allegations contained in paragraph 15 of the Complaint, and therefore denies the same.

16.     Summit lacks information and belief as to the allegations contained in paragraph 16 of the Complaint, and therefore denies the same.

17.     Summit lacks information or belief sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and on that basis denies them.

18.     Summit lacks information or belief sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and on that basis denies them.

19.     Summit lacks information or belief sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and on that basis denies them.

20.     Summit lacks information or belief sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and on that basis denies them.

21.     Summit lacks information or belief sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and on that basis denies them.

22.     Summit lacks information or belief sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and on that basis denies them.

23.     Summit denies the allegations of paragraph 23 of the Complaint.

24.     Summit lacks information or belief sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and on that basis denies them.

25.     On information and belief, Summit admits that the TWILIGHT WOODS products have been a popular item for BBW, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Complaint, and on that basis denies them.

26.     Summit admits that the TWILIGHT WOODS products are sold in BBW retail stores and on the BBW website, but otherwise denies the allegations in paragraph 26 of the Complaint.

27.     Upon review of the United States Patent and Trademark Office ("PTO") website, Summit admits the allegations in paragraph 27 of the Complaint.

28.     Summit admits the allegations of paragraph 28 of the Complaint.

29.     Summit denies the allegations in paragraph 29 of the Complaint.

30.     Summit admits that its applications to register TWILIGHT alone in Class 3 have been refused registration by the PTO at this time and the applications are suspended, but otherwise denies the remaining allegations in paragraph 30 of the Complaint.

31.     Summit admits that its applications to register TWILIGHT alone in Class 3 have been refused registration by the PTO at this time and the applications are suspended, but otherwise denies the remaining allegations in paragraph 31 of the Complaint.

32.     Summit admits that its applications to register TWILIGHT alone in Class 3 have been refused registration by the PTO at this time and the applications are suspended, but otherwise denies the remaining allegations in paragraph 32 of the Complaint.

33.     Summit admits that it filed responses to the PTO refusals to register its TWILIGHT applications in Class 3, but otherwise denies the allegations in paragraph 33 of the Complaint.

34.     Summit denies the allegations in paragraph 34 of the Complaint.

35.     Summit denies the allegations in paragraph 35 of the Complaint.

36.     Summit denies the allegations in paragraph 36 of the Complaint.

37.     Summit denies the allegations in paragraph 37 of the Complaint.

38.     Summit admits that there are similarities between BBW's TWILIGHT WOODS products and Summit's promotional materials for *New Moon*, but otherwise denies the allegations in paragraph 38 of the Complaint.

39.     Summit admits that there are similarities between BBW's TWILIGHT WOODS products and Summit's promotional materials for *New Moon*, but otherwise denies the allegations in paragraph 39 of the Complaint.

40.     Summit admits BBW has infringed Summit's trade dress and that an example of a LUNA TWILIGHT lip gloss is shown, but otherwise denies the allegations, in paragraph 40 of the Complaint.

41.     Summit denies the allegations in paragraph 41 of the Complaint.

42.     Summit denies the allegations in paragraph 42 of the Complaint.

43.     On information and belief, Summit admits that BBW has improperly registered the trademark for TWILIGHT CRUSH in connection with eye make-up, but otherwise denies the allegations in paragraph 43 of the Complaint.

44.     Summit denies the allegations in paragraph 44 of the Complaint.

<u>COUNT I – DECLARATORY JUDGMENT FOR</u>

<u>NON-INFRINGEMENT OF TRADEMARK</u>

45.     Summit incorporates by reference its responses to paragraphs 1 through 44 of the Complaint.

46.     Summit denies the allegations in paragraph 46 of the Complaint.

47.     Summit denies that BBW is entitled to a declaratory judgment from this Court and otherwise denies the allegations in paragraph 47 of the Complaint.

<u>COUNT II – DECLARATORY JUDGMENT - NO UNFAIR COMPETITION</u>

<u>(15 U.S.C. § 1132(a))</u>

48.     Summit incorporates by reference its responses to paragraphs 1 through 47 of the Complaint.

49.     Summit denies the allegations in paragraph 49 of the Complaint.

50.    Summit denies that BBW is entitled to a declaratory judgment from this Court and otherwise denies the allegations in paragraph 50 of the Complaint.

## COUNT III – DECLARATORY JUDGMENT
## FOR DETERMINATION OF NO FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1132(a))

51.    Summit incorporates by reference its responses to paragraphs 1 through 50 of the Complaint.

52.     Summit denies the allegations in paragraph 52 of the Complaint.

53.    Summit denies that BBW is entitled to a declaratory judgment from this Court and otherwise denies the allegations in paragraph 53 of the Complaint.

## COUNT IV – DECLARATORY JUDGMENT
## FOR NON-INFRINGEMENT OF TRADE DRESS

54.    Summit incorporates by reference its responses to paragraphs 1 through 53 of the Complaint.

55.     Summit denies the allegations in paragraph 55 of the Complaint.

56.    Summit denies the allegations in paragraph 56 of the Complaint.

57.    Summit denies that BBW is entitled to a declaratory judgment from this Court and otherwise denies the allegations in paragraph 57 of the Complaint.

## COUNT V – DECLARATORY JUDGMENT FOR DETERMINATION OF NON-
## DILUTION OF TRADEMARK
### (15 U.S.C. § 1132(c) and New York law)

58.    Summit incorporates by reference its responses to paragraphs 1 through 57 of the Complaint.

59.    Summit denies the allegations in paragraph 59 of the Complaint.

60.    Summit denies the allegations in paragraph 60 of the Complaint.

61.    Summit denies the allegations in paragraph 61 of the Complaint.

62.    Summit denies that BBW is entitled to a declaratory judgment from this Court and

otherwise denies the allegations in paragraph 62 of the Complaint.

## BBW'S PRAYER FOR RELIEF

Summit denies that BBW is entitled to (i) any judgment, order, or decree against Summit and (ii) any relief, equitable or otherwise, requested in BBW's prayer for relief.

## DEMAND FOR JURY TRIAL

Summit requests a trial by jury on all issues so triable in this action.

## SUMMIT'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

**(Failure to State a Claim)**

BBW fails to state a claim for which relief can be granted.

### SECOND DEFENSE

**(Laches)**

BBW's claims are barred by the doctrine of laches.

### THIRD DEFENSE

**(Acquiescence)**

BBW's claims are barred by the doctrine of acquiescence.

### FOURTH DEFENSE

**(Waiver)**

BBW's claims are barred, in whole or part, by the doctrine of waiver.

### FIFTH DEFENSE

**(Estoppel)**

BBW's claims are barred, in whole or part, by the doctrine of estoppel.

### SIXTH DEFENSE

**(Privilege)**

BBW's claims are barred, in whole or part, because Summit's conduct is privileged.

## SEVENTH DEFENSE

### (Unclean Hands)

BBW's claims are barred, in whole or part, by the doctrine of unclean hands.

## EIGHTH DEFENSE

### (Abuse of Process)

BBW's claims are barred, in whole or part, because of its abuse of process, including, but not limited to, its filing of a declaratory judgment action to preempt the filing by Summit of an infringement action.

## NINTH DEFENSE

### (Reservation of Rights and Remedies)

Summit reserves the right to raise additional defenses as it becomes aware of them.

## SUMMIT'S PRAYER FOR RELIEF

WHEREFORE, Summit prays for judgment as follows:

      a.      BBW take nothing by way of the Complaint and the Court dismiss the Complaint with prejudice;

      b.      The Court enter judgment that Summit is the prevailing party in this action;

      c.      The Court award Summit all costs, expenses and attorneys' fees;

      d.      The Court award any and all other relief to which Summit may be entitled.

## SUMMIT'S COUNTERCLAIMS

Summit, for its counterclaims against BBW and Does 1-10 (collectively, "BBW"), alleges as follows:

## JURISDICTION

1.      This action arises under the trademark and anti-dilution laws of the United States, 15 U.S.C. § 1051, *et seq.* and under the statutory and common law of unfair competition.  This

Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b), and § 1367, and 15 U.S.C. § 1121.  This action arises under the laws of the United States.

2.      Should this case not be transferred to California, venue will be proper under 28 U.S.C. § 1391(b) because BBW alleges it resides in this District.

## PARTIES

3.      Summit is a Delaware limited liability company having its principal place of business in Santa Monica, California.

4.      BBW is a Delaware corporation having its principal place of business in Ohio, and on information and belief, is doing business in the State of New York and in this District.

5.      Does 1 through 10 are yet unknown entities that are or have been involved in the manufacture, sale, production, distribution and/or promotion of the TWILIGHT WOODS and TWILIGHT CRUSH cosmetics, bath and personal care products, and candles manufactured and distributed by BBW or its affiliates and subsidiaries.

6.      BBW is subject to personal jurisdiction in this District.

## FACTS

**Summit's Business, Trademarks, and Copyrights**

7.      Since 1991, Summit and its predecessors have been an active participant in the motion picture industry.  Summit has produced and distributed films and related entertainment products, and has also been involved in motion picture financing, production, and distribution services.

8.      Summit is the producer and distributor of the highly successful *Twilight* Motion Picture franchise.  Initially, Summit released the extremely successful and popular *Twilight* about a teenage girl, Isabella ("Bella") Swan, who falls in love with a vampire, Edward Cullen.  Bella's other suitor in the film is Jacob Black, a werewolf.  The film was released in the United States on November 21, 2008.  Summit released a second motion picture in the *Twilight* series, *The Twilight Saga:  New Moon*, in the United States on November 20, 2009.  Summit released *New*

*Moon* for sale and rental on digital versatile disc ("DVD") on March 20, 2010. Summit released a third motion picture in the *Twilight* series, *The Twilight Saga: Eclipse,* in the United States on June 30, 2010. Summit released *Eclipse* for sale and rental on DVD on December 4, 2010. Each of the *Twilight* Motion Pictures were heavily promoted months before their release, and each promotional campaign's advertisement copy consistently featured specific color palettes and design motifs unique to and associated with its respective *Twilight* Motion Picture.

9.      Summit is the owner of the trademark TWILIGHT in block letters, and in a distinctive stylized font (the "stylized TWILIGHT mark"), the trademark THE TWILIGHT SAGA, and other marks including the term TWILIGHT (collectively "the TWILIGHT Marks"). Summit owns federal registrations for TWILIGHT in Class 5 (Reg. No. 3,861,517), TWILIGHT in Class 9 (Reg. No. 3,884,386), TWILIGHT in Class 18 (Reg. No. 3,884,385), TWILIGHT in Class 25 (Reg. No. 3,944,718), TWILIGHT in Class 26 (Reg. No. 3,867,985), TWILIGHT in Classes 41 and 45 (Reg. No. 3,756,560), the stylized TWILIGHT mark in Class 45 (Reg. No. 3,817,079), LUNA TWILIGHT in Class 3 (Reg. No. 3,929,237), and TWILIGHT TRACKER in Class 9 (Reg. No. 3,793,131). True and correct copies of these certificates of registration are attached hereto as **Exhibit A**. Summit also owns many additional pending federal trademark applications to register the TWILIGHT Marks for use on various types of goods and services. Summit's stylized TWILIGHT mark is shown below:



10.     Summit licenses the TWILIGHT Marks for use on various items of merchandise, including cosmetics, personal care products, and clothing.

11.     Summit's licensees first sold cosmetics bearing the LUNA TWILIGHT mark on August 1, 2009, and continue to sell such products. Summit's licensees first sold clothing bearing the TWILIGHT mark in September of 2008, and continue to sell such products.

12.     Summit is also the owner of all rights in the design of its licensee's LUNA

TWILIGHT brand of cosmetics ("Luna Twilight Cosmetics").  The Luna Twilight Cosmetics feature a combination of various characteristics constituting a distinctive trade dress ("Summit's Trade Dress").  Summit's Trade Dress includes a silhouette of a tree lining one of side of a glass receptacle with some of the tree's branches extending to the other side of the receptacle. Summit's Trade Dress is non-functional and protectable.  True and correct photographs of certain of the Luna Twilight Cosmetics are attached hereto as **Exhibit B**.

13.     By virtue of the extensive sales and promotion of the Luna Twilight Cosmetics, Summit's Trade Dress has developed secondary meaning in the marketplace.  Consumers now recognize Summit as the source of origin on the Luna Twilight Cosmetics.  Summit's Trade Dress is valuable to Summit as an identifier of its products, the quality of its products, and the goodwill that Summit has earned in the market.

**BBW and Its Infringing Actions**

14.     On information and belief, BBW is a retailer that sells cosmetics and bath and personal care products from its website at <bathandbodyworks.com> ("BBW's Website") and from its brick and mortar stores.

15.     Summit learned that BBW was promoting and selling cosmetics, bath and personal care products, and candles under the TWILIGHT WOODS trademark on Defendant's Website and in its stores (the "Infringing Products"), and that BBW's marketing and sale of the Infringing Products had resulted in confusion as to the source of the Infringing Products or their association or affiliation with Summit.  BBW's use of the TWILIGHT WOODS trademark was, and continues to be, without prior authorization, permission, or license from Summit.  Consumer confusion due to BBW's use of the TWILIGHT WOODS trademark was exacerbated by BBW's use of color schemes and design motifs on the Infringing Products that were evocative of Summit's promotional copy for *New Moon*, which was being heavily promoted throughout the United States at the time, upon information and belief, BBW first advertised and sold the Infringing Products.  Summit also learned that certain of the Infringing Products featured distinctive design elements similar to Summit's Trade Dress, which also resulted in confusion as

to the source of the Infringing Products or their association with Summit, and also exacerbated any such confusion created as a result of BBW's use of the TWILIGHT WOODS mark. Consumer confusion was further amplified by BBW's launch of its TWILIGHT WOODS for Men products in late September 2010, which feature the distinctive color schemes of *Eclipse*, which was released theatrically on June 30, 2010 and was heavily promoted throughout the United States many months earlier.

16.    On information and belief, Summit and its licensees market their *Twilight* Motion Pictures and the associated TWILIGHT-branded goods, respectively, to the same consumers to which BBW markets its Infringing Products.  BBW purchased products from the Luna Twilight Cosmetics line and sold them in BBW's brick and mortar stores and/or BBW's Website, along side of, or near, BBW's Infringing Products.

17.    BBW has filed an application to register the TWILIGHT WOODS trademark in Class 3 (Ser. No. 77/711,734).  The PTO cited Summit's prior application to register TWILIGHT in Class 3 (Ser. No. 77/508,141) as a bar to registration of BBW's application under 15 U.S.C. § 1052(d), and BBW's application is currently suspended pending the PTO's disposition of Summit's prior application.

18.    BBW also filed an application to register and obtained a registration of TWILIGHT CRUSH in Class 3 (Reg. No. 3,926,288).  The PTO cited Summit's prior application to register TWILIGHT in Class 3 (Ser. No. 77/508,141) as a bar to registration of BBW's application based on 15 U.S.C. § 1052(d).

19.    On November 1, 2010, Summit sent BBW a letter demanding that it cease and desist its infringement of Summit's intellectual property.  Summit included in this letter evidence of confusion amongst consumers engendered by BBW's use of the TWILIGHT WOODS mark and its design of its Infringing Products.  A true and correct copy of Summit's demand letter to BBW is attached hereto as **Exhibit C**.  On November 22, 2010, BBW responded to Summit, wherein it disputed Summit's evidence of consumer confusion, and refused to comply with any of Summit's demands.  On January 27, 2011, Summit responded to BBW and attached further

examples of consumer confusion, and invited BBW's counsel to contact Summit's counsel to discuss a possible resolution of the dispute.  In February 2011, the parties' attorneys attempted to connect to discuss settlement, but were not able to.

20.     On March 8, 2011, through new counsel, BBW sent Summit a letter informing it that it had filed a complaint in the Southern District of New York against Summit, designated Case No. 11 CV 1594, for declaratory judgment ("the New York Lawsuit"), but that it would not serve the complaint on Summit if Summit was interested in amicably resolving the matter on BBW's terms.  Summit proposed alternative settlement terms, which BBW summarily rejected.  Contradicting BBW's purported interest in coming to an amicable resolution, BBW served Summit with its complaint in the New York Lawsuit on April 21, 2011.

## FIRST CAUSE OF ACTION

### (False Designation of Origin – 15 U.S.C. § 1125(a))

21.     Summit repeats and realleges each and every allegation of paragraphs 1 through 20, above, as though fully set forth herein.

22.     BBW's actions as alleged herein constitute a false designation of origin, affiliation or sponsorship in violation of 15 U.S.C. § 1125(a).

23.     The use of the TWILIGHT WOODS and TWILIGHT CRUSH trademarks by BBW constitute a false designation of origin and a false description or representation that wrongfully and falsely designates the Infringing Products as originating from Summit, or being associated, affiliated or connected with or approved or sponsored by Summit.

24.     As a direct and proximate result of BBW's wrongful acts, Summit has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, business reputation, and goodwill.  BBW will continue to use, unless restrained, the TWILIGHT WOODS and TWILIGHT CRUSH marks or other marks confusingly similar to Summit's TWILIGHT Marks and will cause irreparable damage to Summit.  Summit has no adequate remedy at law and is entitled to an injunction restraining BBW, its officers, agents, and employees, and all persons acting in concert with BBW, from engaging in further acts of false designation of origin,

affiliation or sponsorship.

25.     Summit is further entitled to recover from BBW the actual damages that it sustained and/or is likely to sustain as a result of BBW's wrongful acts. Summit is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to sustain by reason of BBW's acts of false designation of origin, affiliation or endorsement.

26.     Summit is further entitled to recover from BBW the gains, profits, and advantages that BBW has obtained as a result of their wrongful acts. Summit is presently unable to ascertain the extent of the gains, profits, and advantages that BBW has realized by reason of its acts of false designation of origin, affiliation or endorsement.

27.     Because of the willful nature of BBW's wrongful acts, Summit is entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. § 1117 and destruction of the Infringing Products under 15 U.S.C. § 1118.

28.     Summit is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### (Trademark Infringement – 15 U.S.C. § 1114 and Common Law)

29.      Summit repeats and realleges each and every allegation of paragraphs 1 through 28, above, as though fully set forth herein.

30.     BBW has used in commerce, without Summit's permission, the TWILIGHT WOODS and TWILIGHT CRUSH marks in a manner that is likely to cause confusion with respect to the source and origin of the Infringing Products and is likely to cause confusion or mistake and to deceive purchasers as to the affiliation, connection, approval, sponsorship, or association of Summit with BBW and/or its products.

31.     BBW's acts constitute infringement of the TWILIGHT Marks in violation of the common law, and the TWILIGHT mark and LUNA TWILIGHT mark under 15 U.S.C. § 1114.

32.     As a direct and proximate result of BBW's wrongful acts, Summit has suffered and continues to suffer and/or is likely to suffer damage to its trademark, business reputation,

and goodwill.  BBW will continue to use, unless restrained, the TWILIGHT Marks or marks confusingly similar thereto and will cause irreparable damage to Summit.  Summit has no adequate remedy at law and is entitled to an injunction restraining BBW, its officers, agents, and employees, and all persons acting in concert with BBW, from engaging in further acts of infringement.

33.    Summit is further entitled to recover from BBW the actual damages that it sustained and/or is likely to sustain as a result of BBW's wrongful acts.

34.    Summit is further entitled to recover from BBW the gains, profits, and advantages that BBW has obtained as a result of their wrongful acts.

35.    Because of the willful nature of BBW's wrongful acts, Summit is entitled to an award of punitive damages under the common law, and treble damages and increased profits under 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION

### (Dilution--15 U.S.C.§ 1125(c); Cal. Bus. & Prof. Code § 14330)

36.    Summit repeats and realleges each and every allegation of paragraphs 1 through 35, above, as though fully set forth herein.

37.    Summit has used the TWILIGHT Marks to identify its products relating to the *Twilight* Motion Pictures before BBW began promoting and selling the Infringing Products or otherwise using the TWILIGHT WOODS or TWILIGHT CRUSH marks.  The TWILIGHT Marks are inherently distinctive and have acquired distinction through Summit's extensive, continuous, and exclusive use of the TWILIGHT mark.

38.    The TWILIGHT Marks are famous and distinctive within the meaning of 15 U.S.C. §§ 1125(c)(1) and 1127 and Cal. Bus. & Prof. Code § 14330.

39.    BBW's use of the TWILIGHT WOODS and TWILIGHT CRUSH marks are likely to dilute the distinctive quality of Summit's TWILIGHT Marks in violation of  15 U.S.C. § 1125(c) and Cal. Bus. & Prof. Code § 14330.

40.    BBW's acts complained of herein are likely to damage Summit irreparably.

15

Summit has no adequate remedy at law for such wrongs and injuries.  The damage to Summit includes harm to its trademarks, goodwill, and reputation that money cannot compensate. Summit is, therefore, entitled to a preliminary and permanent injunction enjoining BBW's use of the TWILIGHT Marks, TWILIGHT WOODS mark, TWILIGHT CRUSH mark, or any marks confusingly similar thereto or dilutive thereof in connection with the promotion, advertisement and sale of any goods by BBW.

41.    Summit is further entitled to recover from BBW its actual damages sustained by Summit as a result of BBW's wrongful acts.  Summit is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of BBW's acts of dilution.

42.    Summit is further entitled to recover from BBW the gains, profits, and advantages BBW has obtained as a result of its wrongful acts.  Summit is presently unable to ascertain the extent of the gains, profits and advantages BBW has realized by reason of BBW's willful acts of dilution.

43.    Because of the willful nature of BBW's actions, Summit is entitled to all remedies available under 15 U.S.C. §§ 1117 and 1118.

## FOURTH CAUSE OF ACTION

### (Trade Dress Infringement – 15 U.S.C. § 1125(a))

44.    Summit repeats and realleges each and every allegation of paragraphs 1 through 43, above, as though fully set forth herein.

45.    BBW's actions as alleged herein constitute a false designation of origin, affiliation or sponsorship in violation of 15 U.S.C. § 1125(a).

46.    BBW created a false designation of origin by using in commerce, without Summit's permission, a trade dress confusingly similar to Summit's Trade Dress in connection with the Infringing Products.  BBW did so with intent to trade upon Summit's reputation and goodwill by causing confusion and mistake among consumers and the public, and to deceive the public into believing that the Infringing Products are associated, affiliated or connected with or approved or sponsored by Summit.

16

47.     As a direct and proximate result of BBW's wrongful acts, Summit has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, business reputation, and goodwill.  BBW will continue to use, unless restrained, the Summit Trade Dress or other trade dress confusingly similar thereto and will cause irreparable damage to Summit.  Summit has no adequate remedy at law and is entitled to an injunction restraining BBW, its officers, agents, and employees, and all persons acting in concert with BBW, from engaging in further acts of false designation of origin, affiliation or sponsorship.

48.     Summit is further entitled to recover from BBW the actual damages that it sustained and/or is likely to sustain as a result of BBW's wrongful acts.  Summit is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to sustain by reason of BBW's acts of false designation of origin, affiliation or sponsorship.

49.     Summit is further entitled to recover from BBW the gains, profits, and advantages that BBW has obtained as a result of its wrongful acts.  Summit is presently unable to ascertain the extent of the gains, profits, and advantages that BBW has realized by reason of its acts of false designation of origin, affiliation or sponsorship.

50.     Because of the willful nature of BBW's wrongful acts, Summit is entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. § 1117 and destruction of the Infringing Products under 15 U.S.C. § 1118.

51.     Summit is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

## FIFTH CAUSE OF ACTION

### (Petition for Cancellation of Trademark Registration)

52.     Summit repeats and realleges each and every allegation of paragraphs 1 through 51, above, as though fully set forth herein.

53.     This is a claim for cancellation of U.S. Registration No. 3,926,288 of TWILIGHT CRUSH and bar of registration of Serial No. 77/711,734 of TWILIGHT WOODS under 15 U.S.C. §§ 1051 *et seq.*

54.     On April 17, 2009, BBW filed an application for the mark TWILIGHT CRUSH for "eye liner; eye make-up; eye pencils; eye shadows; lip balm; lip cream; lip gloss; lip gloss palette; lip liner; lip polisher; lipstick holders; lipsticks; nail care preparations; nail enamel; nail polish; non-medicated lip care preparations; non-medicated lip protectors" pursuant to Section 1(b) of the Trademark Act based on intent-to-use the alleged mark in connection with the above goods in Class 3 ("the TWILIGHT CRUSH Registration").  In its statement of use filed with the PTO on November 24, 2010, BBW alleged use in commerce of "eye liner; eye make-up; eye pencils; eye shadows."  The TWILIGHT CRUSH Registration was thereafter registered on March 1, 2011.

55.     On April 10, 2009, BBW filed an application to register TWILIGHT WOODS for personal care products, namely, 3-in-1 hair conditioners, 3-in-1 hair shampoos, after sun creams, after-shave, after-shave balms, after-shave creams, after-shave emulsions, after-shave gel, after-shave lotions, after-sun gels, after-sun lotions, after-sun oils, age retardant gel, age retardant lotion, age spot reducing creams, anti-aging cream, anti-freckle creams, anti-perspirants, anti-wrinkle creams, antibacterial skin soaps, antiperspirants for personal use, aromatherapy creams, aromatherapy lotions, aromatherapy oils, astringents for cosmetic purposes, bath beads, bath crystals, bath foams, bath gels, bath lotion, bath milks, bath oils for cosmetic purposes, bath pearls, bath powder, bath salts, bath soaps in liquid, solid or gel form, bathing lotions, bay rums, beauty creams for body care, beauty gels, beauty lotions, beauty masks, beauty milks, beauty serums, blush, blush pencils, body and beauty care cosmetics, body cream soap, body creams, body emulsions, body glitter, body lotions, body mask cream, body mask lotion, body mask powder, body masks, body milks, body oils, body powder, body scrub, body spray used as a personal deodorant and as fragrance, body sprays, namely water in atomized containers used to produce a cooling effect, body washes, bubble bath, cleansing creams, cold creams, cologne, cologne water, compacts containing make-up, concealers for face and body, cosmetic creams, cosmetic creams for skin care, cosmetic facial blotting papers, cosmetic milks, cosmetic oils, cosmetic pads, cosmetic pencils, cosmetic preparations against sunburn, cosmetic preparations

for body care, cosmetic preparations for eye lashes, cosmetic preparations for skin renewal, cosmetic products in the form of aerosols for skin care, cosmetic rouges, cosmetic soaps. cosmetic sun-protecting preparations, cosmetic sun-tanning preparations, cosmetic suntan lotions, cosmetics, cosmetics namely, compacts, cosmetics, namely lip primer, cosmetics, namely, lip repairers, cream soaps, creams for cellulite reduction, creamy face powder, creamy foundation, creamy rouges, cuticle conditioners, cuticle cream, cuticle removing preparations, deodorant for personal use, deodorant soap, deodorants and antiperspirants, deodorants for body care, depilatories, depilatory creams, dusting powder, eau de parfum, eau de toilette, emery boards, essential oils for personal use, exfoliant creams, exfoliants for skin, eye compresses for cosmetic purposes, eye cream, eye gels, eye liner, eye lotions, eye make-up, eye make-up remover, eye pencils, eye shadows, eyebrow colors, eyebrow pencils, eyeliner, eyeshadows, face and body beauty creams, face and body creams, face and body glitter, face and body lotions, face and body milk, face creams, face creams for cosmetic use, face glitter, face milk and lotions, face powder, facial beauty masks, facial cleansers, facial cleansing milk, facial concealer, facial creams, facial emulsions, facial lotion, facial make-up, facial masks, facial scrubs, facial washes, foam bath, foams containing cosmetics and sunscreens, foot deodorant spray, non-medicated foot lotion, foot powder, foundation, fragrance emitting wicks for room fragrance, fragrances for automobiles, fragrances for personal use, gel eye masks, hair care creams, hair care kits comprising non-medicated hair care preparations, namely, shampoo, conditioner, hairstyling preparations, hair care lotions, hair care preparations, hair cleaning preparations, hair conditioners, hair creams, hair gels, hair lotions hair pomades, hair removing cream, hair shampoo, hair spray, hair styling preparations, hair tonics, hand cleaners, hand cleaning preparations. hand creams, hand lotions, hand soaps, hand wash, incense, lip balm, lip cream, lip gloss, lip gloss palette, lip liner, lip polisher, lipstick, lipstick holders, lipsticks, liquid bath soaps, liquid perfumes, liquid soap, liquid soaps for hands, face and body, loose face powder, lotions for cellulite reduction, lotions for face and body care, lotions for strengthening the nails, lotions for face and body, make up removing preparations, make-up for the face and body, make-up kits

comprised of lipstick, lip gloss, blush and eye shadow, make-up pencils, make-up powder, make-up remover, make-up removing lotions, make-up removing milk, gel, lotions and creams, mascaras, massage oils, medicated soaps, mineral salt in the nature of bath salts not for medical purposes, moisturizing creams, moisturizing milks, mousse for hair, mouthwashes, nail buffing preparations, nail care preparations, nail care preparations, namely, nail softeners, nail cream, nail enamel, nail polish, nail polish removers, night cream, non-medicated acne treatment preparations, non-medicated bath preparations, non-medicated body soaks, non-medicated foot cream, non-medicated lip care preparations, non-medicated lip protector, non-medicated mouth wash and rinse, non-medicated ointments for the prevention and treatment of sunburn, non-medicated scalp treatment cream, non-medicated skin care preparations, non-medicated skin creams, non-medicated stimulating lotions for the skin, non-medicated sun care preparations, paraffin wax for cosmetic purposes, patches containing sun screen and sun block for use on the skin, pencils for cosmetic purposes, perfume, perfume oils, perfumed creams, perfumed powders, perfumed soaps, perfuming sachets, personal deodorants, potpourri, pre-moistened cosmetic towelettes, pre-shave creams pressed face powder. room fragrance refills for non-electric room fragrance dispensers, room fragrances, rouges, SPF sunblock towelettes, sachet-like eye pillows containing fragrances, sachets scented body spray, scented ceramic stones, scented linen sprays, scented oils used to produce aromas when heated, scented room sprays, sculpting gel, self-tanning preparations, shampoo-conditioners, shampoos, shaving balm, shaving creams, shaving foams, shaving gels, shaving lotions, shaving mousse, shaving preparations, shaving soap, shower and bath foam, shower and bath gel, shower creams, shower gels, skin bronzer, skin bronzing creams, skin care preparation, namely, body polish, skin care preparations, namely chemical peels for skin, skin care products, namely, non-medicated skin serum, skin clarifiers, skin cleansers, skin cleansing cream, skin cleansing lotion, skin conditioners, skin creams, skin creams in liquid and solid form, skin emollients, skin firming lotion, skin gels for accelerating, enhancing or extending tans, skin lightening creams, skin lotions, skin masks, skin moisturizer, skin moisturizer masks, skin soap, skin toners, soaps for

body care, soaps for personal use, styling gels, styling lotions, styling mousse, sun block, sun block preparations, sun care lotions, sun creams, sun screen, sun screen preparations, sun tan lotion, sun tan oil, sun-block lotions, sunscreen creams , suntanning preparations, tanning creams, tooth paste, topical skin sprays for cosmetic purposes, vanishing cream, wax for removing body hair, wrinkle removing skin care preparations, wrinkle resistant cream, in Class 3, which was assigned Serial No. 77/711,734.

56.     Summit believes it is being damaged by the continued registration of the TWILIGHT CRUSH Registration and will be damaged by the registration of TWILIGHT WOODS and hereby petitions to cancel and bar registration of the marks, respectively, for the reasons alleged herein.

57.     Summit has rights to the TWILIGHT Marks that are prior to BBW's alleged rights in the TWILIGHT CRUSH mark and the TWILIGHT WOODS mark.  The TWILIGHT CRUSH mark and the TWILIGHT WOODS are confusingly similar to and are likely to dilute Summit's TWILIGHT Marks.

58.     Summit requests that the TWILIGHT CRUSH Registration be canceled, and the application to register TWILIGHT WOODS be barred.

## SIXTH CAUSE OF ACTION

### (Statutory and Common Law Unfair Competition)

59.     Summit repeats and realleges each and every allegation of paragraphs 1 through 58, above, as though fully set forth herein.

60.     By reason of the foregoing, BBW has been, and are, engaged in "unlawful, unfair or fraudulent business practices" in violation of §§ 17200 *et seq*. of the California Bus. & Prof. Code and acts of unfair competition in violation of the common law.

61.     BBW's acts complained of herein have damaged and will continue to damage Summit irreparably.  Summit has no adequate remedy at law for these wrongs and injuries.  The damage to Summit includes harm to its trademarks, trade dress, goodwill, and reputation in the marketplace that money cannot compensate.  Summit is therefore entitled to:  (a) injunctive relief

restraining and enjoining BBW and its agents, servants, employees, and attorneys, and all persons acting thereunder, in concert with, or on its behalf, from using the TWILIGHT Marks, any colorable imitation or variation thereof, or any mark, name, symbol, or logo which is confusingly similar thereto, including TWILIGHT WOODS and TWILIGHT CRUSH, in connection with the marketing or sale of any goods or services by BBW; (b) injunctive relief restraining and enjoining BBW and its agents, servants, employees, and attorneys, and all persons acting thereunder, in concert with, or on its behalf, from using the Summit Trade Dress or any other trade dress which is confusingly similar thereto, including the trade dress used on certain of the Infringing Products, in connection with the marketing or sale of any goods or services by BBW; (c) Summit's actual damages sustained as a result of BBW's wrongful acts; (d) an accounting of BBW's profits from its sales of the Infringing Products and any other products bearing or using the TWILIGHT WOODS mark, the TWILIGHT CRUSH mark, the TWILIGHT Marks, any trademarks which are confusingly similar thereto, the Summit Trade Dress, or any other trade dress which is confusingly similar thereto; (e) the award of BBW's unjust profits, as well as sums sufficient to compensate Summit for all harm suffered as a result of BBW's conduct; and (f) punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Summit prays that this Court enter judgment against BBW as follows:

1.      Finding that BBW has violated 15 U.S.C. § 1125(a) and the common law, has infringed the TWILIGHT Marks under the common law and infringed the TWILIGHT and LUNA TWILIGHT trademarks under 15 U.S.C. § 1114, has infringed the Summit Trade Dress, has violated 15 U.S.C. § 1125(c)(1) and Cal. Bus. & Prof. Code § 14330, and has violated Cal. Bus. & Prof. Code § 17200 and the common law by engaging in unlawful, unfair, and fraudulent business practices;

2.      Ordering that BBW and its subsidiaries, officers, agents, servants, directors, employees, servants, partners, representative, assigns, successors, related companies, and

attorneys and all persons in active concert or participation with BBW or with any of the foregoing be enjoined preliminarily during the pendency of this action and permanently thereafter from:

        a.      Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling the Infringing Products or any other goods bearing the TWILIGHT Marks or any other mark, name, symbol, or logo, including TWILIGHT WOODS and TWILIGHT CRUSH, which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any goods that BBW caused to enter the stream of commerce are sponsored, licensed, or endorsed by Summit, are authorized by Summit, or are connected or affiliated in some way with Summit or the *Twilight* Motion Pictures;

        b.      Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling the Infringing Products or any other goods bearing the TWILIGHT Marks or any other mark, name, symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to the TWILIGHT Marks, including TWILIGHT WOODS and TWILIGHT CRUSH;

        c.      Falsely implying Summit's endorsement of BBW's goods or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with Summit and from otherwise interfering with or injuring the TWILIGHT Marks or the Summit Trade Dress or the goodwill associated therewith;

        d.      Engaging in any act which is likely to dilute the distinctive quality of the TWILIGHT Marks and/or injures Summit's business reputation;

        e.      Representing or implying that BBW is in any way sponsored by, affiliated with, or endorsed or licensed by Summit; or

        f.      Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs 2(a) to (e) above.

        3.      Ordering that Summit is the exclusive owner of the TWILIGHT Marks and that

such marks are valid and protectable;

4.      Ordering that Summit is the exclusive owner of the Summit Trade Dress and that such trade dress is valid and protectable;

5.      Ordering that BBW be required to deliver to Summit for destruction all Infringing Products, packaging, and/or promotional artwork which bear the TWILIGHT WOODS or TWILIGHT CRUSH marks or any other trademarks, names, images logo, trade dress, or packaging that are confusingly or substantially similar to the TWILIGHT Marks or the Summit Trade Dress;

6.      Granting an award of damages suffered by Summit according to proof at the time of trial;

7.      Ordering that BBW account to Summit for any and all profits earned as a result of BBW's acts of infringement in violation of Summit's rights under the Lanham Act, Cal. Bus. & Prof. Code §§ 14330, 17200, *et seq.*, and the common law;

8.      Granting an award of three times the amount of compensatory damages and increased profits pursuant to 15 U.S.C. § 1117;

9.      Granting an award of punitive damages for the willful and wanton nature of BBW's aforesaid acts;

10.     For pre-judgment interest on any recovery by Summit;

11.     Granting an award of Summit's costs, expenses, and attorney's fees; and

12.     Granting such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Summit requests a trial by jury on all issues so triable in this action.

Respectfully submitted,

Dated:  June 28, 2011                    By:/s/ Anthony J. Staltari
        New York, New York                   Anthony J. Staltari
                                             MANATT, PHELPS & PHILLIPS, LLP
                                             7 Times Square
                                             New York, NY 10036
                                             Tel.:  (212) 790-4500
                                             Fax:  (212) 790-4545

                                             Attorneys for Defendant and Counterclaimant
                                             *Summit Entertainment, LLC*

                                             Jill M. Pietrini (admitted *pro hac vice*)
                                             Diana I. Iorlano admitted *pro hac vice*)
                                             Paul Bost (admitted *pro hac vice*)
                                             MANATT, PHELPS & PHILLIPS, LLP
                                             11355 West Olympic Blvd.
                                             Los Angeles, CA 90036
                                             Tel.: (310) 312-4000
                                             Fax.: (310) 312-4224

                                             Co-Counsel for Defendant and Counterclaimant
                                             *Summit Entertainment, LLC*

300268585.2