# SheppardMullin

Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112-0015
212.653.8700 main
212.653.8701 main fax
www.sheppardmullin.com

Jill M. Pietrini
310.228.3723 direct
jpietrini@sheppardmullin.com
File Number: 22HF-165430

November 16, 2012

CHAMBERS OF
JAMES L. COTT
U.S.M.J.

NOV 19 2012

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/27/11

BY HAND DELIVERY
The Honorable Magistrate James Cott
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Bath and Body Works Brand Management, Inc. v. Summit
Entertainment, LLC*, USDC Case No. 11 CV 1594

Dear Judge Cott:

We represent defendant and counterclaimant Summit Entertainment, LLC ("Summit") in the above matter.

In Your Honor's Order dated October 24, 2012 [Docket No. 85], the Court directed Summit and plaintiff and counter-defendant Bath & Body Works Brand Management, Inc. ("BBW") to further meet and confer regarding Summit's entitlement to add counterclaims relevant to BBW's newly asserted priority affirmative defense. This requirement was based upon BBW's refusal to agree to Summit's proposed Third Amended Answer and Counterclaims, which BBW wrongfully characterized to the Court in its October 18, 2012 correspondence as containing "new allegations concerning additional trademark registrations that Summit has acquired, changes to Summit's dilution and unfair competition claims, and additional prayers for relief" and "an improper attempt to expand the scope of its claims." On the contrary, Summit's proposed Third Amended Answer and Counterclaims merely:  (a) updated Paragraph 9 of Summit's Counterclaims, which listed Summit's TWILIGHT trademark registrations, to recite registrations[1] of TWILIGHT recently issued by the U.S. Patent & Trademark Office ("PTO"); and (b) corrected two inadvertent citation errors made by Summit that, to Summit's chagrin, had persisted across Summit's First and Second Amended Answer and Counterclaims, namely, (1) Summit's citation to California's dilution statute, not New York's, in its state dilution cause of action and (2) reference to California's unfair competition statute, Cal. Bus. & Prof. Code § 17200.

The parties have since met and conferred regarding the above (the occasion of which was delayed to Hurricane Sandy) and have come to the following agreement:

---

[1]   Summit previously produced the underlying applications to BBW.

USDC SDNY
DATE SCANNED   11/27/12

# SheppardMullin

The Honorable Magistrate James Cott
November 16, 2012
Page 2

(1)    Summit may amend its Counterclaims as it originally proposed regarding BBW's newly asserted priority affirmative defense; and

(2)    Paragraph 9 of Summit's Counterclaims, which was updated by Summit to recite registrations of TWILIGHT recently issued by the PTO, will remain unchanged without prejudice to Summit's right otherwise to assert or rely on any of these recently issued TWILIGHT registrations at the trial of this case.

BBW remains unwilling to allow Summit leave to correct two inadvertent citation errors and, thus, the parties remain at an impasse as relates to this minor issue.

BBW will not be prejudiced by Summit's correction of the aforementioned citation errors[2] and has not claimed any prejudice.  Such might be assumed when the amendments sought are mere corrections of inadvertent errors.  The fact is that the parties have been litigating Summit's dilution claim under federal and New York law since the inception of this matter.  BBW's Complaint itself seeks a declaration from the Court that BBW's actions at issue do not dilute any of Summit's trademark rights under federal or <u>New York</u> law.  (Docket No. 1, ¶¶ 58-62.)

Despite the above, BBW's stated reason for refusing to grant Summit leave to correct these citation errors is because it believes it is inconsistent with the Court's admonition, in its October 24 Order, that "any amendment should address cancellation of the Coty registrations, but nothing beyond that topic."  [Docket No. 85.]  Summit acknowledges that these citation corrections are not relevant to the Coty registrations.  However, Summit sought leave to make these corrections simultaneous to its amendment of its Counterclaims relevant to BBW's priority affirmative defense in the interest of efficiency and to save the Court's resources, as opposed to meeting and conferring on these corrections separately.  As the instant letter reflects, Summit's interest in efficiency has been spurned by BBW for no good reason, particularly when BBW is seeking declaratory relief, in party, under New York's dilution law.  It would be illogical for BBW to have declaratory relief claims under New York law with no corresponding counterclaims by Summit under the same New York law.

In sum, Summit requests that the Court grant it leave to file the Third Amended Answer and Counterclaims in the form attached hereto as **Exhibit A**, which reflects Summit's amendments to its Counterclaims regarding BBW's newly asserted priority affirmative defense that the parties have agreed to (Counterclaim ¶¶ 21-37, 72, 75, 76, and 80-90; Prayer for Relief ¶ 3) and Summit's correction of its inadvertent citation errors (Counterclaim ¶¶ 57-58 and 92; Prayer for Relief ¶¶ 1 and 8).  Attached for the

---

[2]    Summit's Counterclaims' references to California law were merely an oversight on its part, one for which it takes responsibility (and, to be honest, is embarrassed to have only recently identified).

# SheppardMullin

The Honorable Magistrate James Cott
November 16, 2012
Page 3

Court's convenience as **Exhibit B** is a redline showing how Summit's proposed Third Amended Answer and Counterclaims has been revised from its operative Answer and Counterclaims.

Respectfully submitted,

*Jill M. Pietrini /pm*

Jill M. Pietrini

cc:   Dale Cendali, Esq.
      Courtney Farkas, Esq.
      Diana Torres, Esq.
      Joshua Simmons, Esq.
      James Curry, Esq.
      Paul Bost, Esq.
      Theodore C. Max, Esq.

SMRH:407291286.1

*Having received no objection from BBW to the requested relief, the Court grants Summit leave to file its Third Amended Answer and Counterclaims in the form it has proposed in Exhibit A to this letter. Summit is directed to file the Third Amended Answer and Counterclaims as a separate, stand-alone document, and the Clerk is directed to docket it.   SO ORDERED.*

*James L. Cott*
*U.S.M.J.*
*11/27/12*