Dale M. Cendali
Courtney L. Farkas
Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
dale.cendali@kirkland.com
courtney.farkas@kirkland.com
joshua.simmons@kirkland.com

Diana Torres
KIRKLAND & ELLIS LLP (admitted *pro hac vice*)
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
diana.torres@kirkland.com

*Attorneys for Plaintiff and Counterclaim-Defendant*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BATH & BODY WORKS BRAND MANAGEMENT, INC.,<br><br>        Plaintiff and<br>        Counterclaim-Defendant,<br><br>   v.<br><br>SUMMIT ENTERTAINMENT, LLC,<br><br>        Defendant and<br>        Counterclaim-Plaintiff. | Case No. 11 Civ. 1594 (GBD)<br><br>ECF Case<br><br>**PLAINTIFF AND COUNTERCLAIM-DEFENDANT BATH & BODY WORKS BRAND MANAGEMENT, INC.'S ANSWER TO THIRD AMENDED COUNTERCLAIMS OF <u>SUMMIT ENTERTAINMENT, LLC</u>** |

Plaintiff and Counterclaim-Defendant Bath & Body Works Brand Management, Inc. ("BBW"), by and through its attorneys, responds to the Second Amended Counterclaims of Summit Entertainment, LLC ("Defendant") as follows:

**JURISDICTION**

1. BBW states that the allegations set forth in Paragraph 1 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, BBW admits that this Court has subject matter and supplemental jurisdiction over Summit's Counterclaims.

2. BBW states that the allegations set forth in Paragraph 2 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, BBW admits that venue is proper in this District.

**PARTIES**

3. BBW admits the allegations set forth in Paragraph 3 of the Counterclaims.

4. BBW admits the allegations set forth in Paragraph 4 of the Counterclaims.

5. BBW denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 5 of the Counterclaims.

6. BBW states that the allegations set forth in Paragraph 6 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, BBW admits that personal jurisdiction in this District is proper.

**FACTS**

7. BBW denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 7 of the Counterclaims.

8. BBW denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 8 of the Counterclaims.

9. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 9 of the Counterclaims, except BBW admits that Defendant is listed as the owner of the following federal trademark registrations in the U.S. Patent and Trademark Office's

database: Reg. Nos. 3,861,517; 3,884,386; 3,884,385; 3,944,718; 3,867,985; 3,756,560; 3,817079; 3,929,237; 3,793,131; 4,016,126; 4,016,125; and 4,012,682.

10. BBW denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 10 of the Counterclaims.

11. BBW denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 11 of the Counterclaims.

12. BBW states that the allegations set forth in Paragraph 12 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, BBW denies knowledge or information sufficient to form a belief as to the allegations set forth therein, except BBW admits that the photographs attached as Exhibit B appear to depict cosmetics bearing the name "Luna Twilight."

13. BBW states that the allegations set forth in Paragraph 13 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, BBW denies knowledge or information sufficient to form a belief as to the allegations set forth therein.

14. BBW denies the allegations set forth in Paragraph 14 of the Counterclaims, except BBW admits that BBW sells personal care and beauty products through its website, www.bathandbodyworks.com, and retail stores.

15. BBW states that the allegations set forth in Paragraph 15 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, BBW denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 15 of the Counterclaims, except BBW admits that BBW has a

line of personal care products sold under the TWILIGHT WOODS mark and that Summit is aware of BBW's TWILIGHT WOODS line of products.

16. BBW denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 16 of the Counterclaims regarding Summit's and Summit's licensees' marketing efforts with respect to the *Twilight* Motion Pictures and the TWILIGHT-branded goods. Also BBW denies the allegations set forth in Paragraph 16 of the Counterclaims in all other respects.

17. BBW admits the allegations set forth in Paragraph 17 of the Counterclaims.

18. BBW denies the allegations set forth in Paragraph 18 of the Counterclaims, except BBW admits that BBW filed an application to register TWILIGHT CRUSH in Class 3. Although the PTO initially cited Summit's pending application to register TWILIGHT in Class 3 (Ser. No. 77/508,141) as a potential bar to registration, BBW ultimately obtained a registration of TWILIGHT CRUSH in Class 3 (Reg. No. 3,926,288) on March 1, 2011.

19. BBW states that the allegations set forth in Paragraph 19 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the allegations set forth in Paragraph 19, except BBW admits that the Lid-licious product containing the eye shadow color named TWILIGHT CRUSH was sold from October 2009 through January 2010.

20. BBW states that the allegations set forth in Paragraph 20 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the allegations set forth in Paragraph 20, except BBW admits that BBW's U.S. Trademark Registration for the TWILIGHT CRUSH mark lists "Eye liner; Eye make-up; Eye pencils; Eye shadows" in the goods and services field; that BBW has used the

TWILIGHT CRUSH mark for eye shadows, which may be used as eye liners, eye make-up and eye pencils; that BBW's Statement of Use was submitted on November 24, 2010; that BBW was not currently selling the Lid-licious product on November 24, 2010; and that BBW submitted its Statement of Use after Summit sent its letter but submitted its application to register the TWILIGHT CRUSH mark over a year prior to the date of Summit's letter. BBW also denies knowledge or information sufficient to form a belief as to the allegations concerning the PTO's reliance. BBW further states that the TWILIGHT CRUSH Statement of Use and prior versions thereof speak for themselves.

21. BBW denies the allegations set forth in Paragraph 21 of the Counterclaims, except BBW admits that it owns two registrations of the TWILIGHT trademark (U.S. Trademark Reg. Nos. 3,592,437 and 3,635,636), which it purchased from Coty Germany GmbH ("Coty") on or around August 28, 2012; that BBW has licensed back use of the TWILIGHT mark to Very Fetching Company, Inc. ("VFC"); that Coty made and sold a perfume called TWILIGHT; that the PTO refused to register Summit's TWILIGHT trademark application because of a likelihood of confusion with the marks; and that Summit has filed two petitions to cancel the registrations with the PTO's Trademark Trial & Appeal Board ("TTAB"), which have been consolidated. BBW denies knowledge or information sufficient to form a belief as to the allegations concerning Coty's agreement with VFC and any ownership interests in VFC.

22. BBW admits the allegations set forth in Paragraph 22 of the Counterclaims.

23. BBW admits the allegations set forth in Paragraph 23 of the Counterclaims.

24. BBW admits the allegations set forth in Paragraph 24 of the Counterclaims.

25. BBW denies the allegations set forth in Paragraph 25 of the Counterclaims, except BBW admits that the document that is attached as Exhibit C to the Counterclaims appears to be a copy of the specimen submitted by Moshe with its application.

26. BBW denies the allegations set forth in Paragraph 26 of the Counterclaims, except BBW admits that the PTO issued an Office Action on February 26, 2008; that the Counterclaims selectively quote from the PTO's Office Action of February 26, 2008; that the PTO requested that Moshe submit a specimen of a more permanent nature and an affidavit or signed declaration indicating that the substitute specimen was in use in commerce at least as early as the filing date of the application; and that Moshe could also amend its application to assert a different basis for filing the application.

27. BBW admits the allegations set forth in Paragraph 27 of the Counterclaims.

28. BBW denies the allegations set forth in Paragraph 28 of the Counterclaims, except BBW admits that the application was assigned from Moshe to TenPenny Group, Inc. ("Tenpenny") and later assigned from TenPenny to Coty.

29. BBW denies the allegations set forth in Paragraph 29 of the Counterclaims, except BBW admits that the PTO issued an Examiner's Amendment indicating that, on September 4, 2008, Elisheva Jasie authorized an amendment to the application; and that Section 1(a) had been deleted and that the application was made pursuant to Section 1(b).

30. BBW admits the allegations set forth in Paragraph 30 of the Counterclaims, except denies knowledge or information sufficient to form a belief as to the date of first use of the TWILIGHT mark by Moshe.

31. BBW denies the allegations set forth in Paragraph 31 of the Counterclaims, except BBW admits that the documents that are attached as Exhibit D to the Counterclaims

appear to be copies of the specimens submitted by Coty with its application, and BBW states that the documents speak for themselves.

32. BBW denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 32 of the Counterclaims, except BBW admits that Coty uses the TWILIGHT trademark on perfumes and body lotion.

33. BBW denies the allegations set forth in Paragraph 33 of the Counterclaims.

34. BBW admits the allegations set forth in Paragraph 34 of the Counterclaims.

35. BBW admits the allegations set forth in Paragraph 35 of the Counterclaims.

36. BBW states that the allegations set forth in Paragraph 36 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

37. BBW denies the allegations set forth in Paragraph 37 of the Counterclaims.

38. BBW admits that on November 1, 2010, Defendant, through its counsel, sent a letter to BBW alleging that BBW's use of the word "Twilight" in connection with its line of TWILIGHT WOODS personal care products infringed Defendant's intellectual property. Also BBW admits that, on November 22, 2010, BBW sent Defendant a written reply disputing Defendant's claims of infringement and dilution. Also BBW admits that two months later, on January 27, 2011, Defendant wrote to BBW again, asserting similar claims and asking that BBW's counsel contact Summit's counsel directly to discuss the matter further. Also BBW admits that, in February, 2011, BBW's counsel emailed counsel for Summit to arrange a time to speak. Except as so admitted, BBW denies the allegations set forth in Paragraph 38 of the Counterclaims.

39. BBW admits that on March 8, 2011, BBW filed its Complaint in the Southern District of New York and that BBW sent Summit a letter enclosing a courtesy copy of the Complaint and stating that it would hold off on serving the Complaint if Summit believed the matter could be amicably resolved and that, on April 21, 2011, after the parties had failed to reach a settlement, BBW served Defendant with the Complaint. Except as so admitted, BBW denies the allegations set forth in Paragraph 39 of the Counterclaims.

## FIRST CAUSE OF ACTION

### (False Designation of Origin – 15 U.S.C. § 1125(a))

40. BBW repeats and realleges each and every response to Paragraphs 1 through 39 above as if fully set forth herein.

41. BBW states that the allegations set forth in Paragraph 41 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

42. BBW states that the allegations set forth in Paragraph 42 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

43. BBW states that the allegations set forth in Paragraph 43 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

44. BBW states that the allegations set forth in Paragraph 44 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

45. BBW states that the allegations set forth in Paragraph 45 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

46. BBW states that the allegations set forth in Paragraph 46 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

47. BBW states that the allegations set forth in Paragraph 47 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

## SECOND CAUSE OF ACTION

**(Trademark Infringement – 15 U.S.C. § 1114 and Common Law)**

48. BBW repeats and realleges each and every response to Paragraphs 1 through 47 above as if fully set forth herein.

49. BBW states that the allegations set forth in Paragraph 49 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

50. BBW states that the allegations set forth in Paragraph 50 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

51. BBW states that the allegations set forth in Paragraph 51 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

52. BBW states that the allegations set forth in Paragraph 52 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

53. BBW states that the allegations set forth in Paragraph 53 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

54. BBW states that the allegations set forth in Paragraph 54 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

## THIRD CAUSE OF ACTION

**(Dilution--15 U.S.C.§ 1125(c); Cal. Bus. & Prof. Code § 14330)**

55. BBW repeats and realleges each and every response to Paragraphs 1 through 54 above as if fully set forth herein.

56. BBW states that the allegations set forth in Paragraph 56 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies knowledge or information sufficient to form a belief as to the allegations set forth in therein and therefore denies the same.

57. BBW states that the allegations set forth in Paragraph 57 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

58. BBW states that the allegations set forth in Paragraph 58 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

59. BBW states that the allegations set forth in Paragraph 59 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

60. BBW states that the allegations set forth in Paragraph 60 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

61. BBW states that the allegations set forth in Paragraph 61 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

62. BBW states that the allegations set forth in Paragraph 62 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

## FOURTH CAUSE OF ACTION

**(Trade Dress Infringement – 15 U.S.C. § 1125(a))**

63. BBW repeats and realleges each and every response to Paragraphs 1 through 62 above as if fully set forth herein.

64. BBW states that the allegations set forth in Paragraph 64 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

65. BBW states that the allegations set forth in Paragraph 65 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

66. BBW states that the allegations set forth in Paragraph 66 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

67. BBW states that the allegations set forth in Paragraph 67 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

68. BBW states that the allegations set forth in Paragraph 68 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

69. BBW states that the allegations set forth in Paragraph 69 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

70. BBW states that the allegations set forth in Paragraph 70 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

## FIFTH CAUSE OF ACTION

**(Petition for Cancellation of Trademark Registration)**

71. BBW repeats and realleges each and every response to Paragraphs 1 through 70 above as if fully set forth herein.

72. BBW states that the allegations set forth in Paragraph 72 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

73. BBW admits the allegations set forth in Paragraph 73 of the Counterclaims.

74. BBW admits the allegations set forth in Paragraph 74 of the Counterclaims.

75. BBW states that the allegations set forth in Paragraph 75 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

76. BBW states that the allegations set forth in Paragraph 76 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

77. BBW states that the allegations set forth in Paragraph 77 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

78. BBW states that the allegations set forth in Paragraph 78 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

79. BBW states that the allegations set forth in Paragraph 79 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

80. BBW states that the allegations set forth in Paragraph 80 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

81. BBW states that the allegations set forth in Paragraph 81 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

82. BBW states that the allegations set forth in Paragraph 82 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

83. BBW states that the allegations set forth in Paragraph 83 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same, except BBW admits that VFC is a BBW licensee, that VFC is also a Sarah Jessica Parker licensee, and that VFC manufactures a perfume called and marketed as TWILIGHT.

84. BBW admits the allegations set forth in Paragraph 84 of the Counterclaims, and BBW further states that Coty was under no obligation to use its TWILIGHT mark in combination with the name "Sarah Jessica Parker."

85. BBW states that the allegations set forth in Paragraph 85 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

86. BBW states that the allegations set forth in Paragraph 86 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

87. BBW states that the allegations set forth in Paragraph 87 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same, except BBW admits that Summit has filed an invalidation proceeding in Germany to cancel International Trademark Reg. No. 098711.

88.     BBW states that the allegations set forth in Paragraph 88 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

89.     BBW states that the allegations set forth in Paragraph 89 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

90.     BBW states that the allegations set forth in Paragraph 90 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

## SIXTH CAUSE OF ACTION

### (Statutory and Common Law Unfair Competition)

91.     BBW repeats and realleges each and every response to Paragraphs 1 through 90 above as if fully set forth herein.

92.     BBW states that the allegations set forth in Paragraph 92 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

93.     BBW states that the allegations set forth in Paragraph 93 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, BBW denies the same.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

94.     Defendant's counterclaims fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

95. Defendant's counterclaims are barred in whole or in part by the doctrine of acquiescence.

## THIRD DEFENSE

96. Defendant's counterclaims are barred in whole or in part by the doctrine of estoppel.

## FOURTH DEFENSE

97. Defendant's counterclaims are barred in whole or in part by the doctrine of laches.

## FIFTH DEFENSE

98. Defendant's counterclaims are barred in whole or in part by the doctrine of unclean hands.

## SIXTH DEFENSE

99. Defendant's alleged trademarks and trade dress are invalid.

## SEVENTH DEFENSE

100. Defendant's counterclaims are barred, in whole or in part, by the fair use doctrine.

## EIGHTH DEFENSE

101. BBW's actions were innocent and non-willful.

## NINTH DEFENSE

102. Defendant's counterclaims are barred in whole or in part by the doctrine of trademark misuse in attempting to monopolize the market beyond the boundaries of any purported trademark right Defendant may have.

## TENTH DEFENSE

103. Defendant's counterclaims are barred in whole or in part by the doctrine of priority.

## ELEVENTH DEFENSE

104. Defendant's counterclaims are barred in whole or in part by the doctrine of advice of counsel.

## **PRAYER FOR RELIEF**

WHEREFORE, BBW respectfully requests that this Court enter judgment against Defendant on its Counterclaims as follows:

1. Denying all relief sought by Defendant;

2. Dismissing the Counterclaims with prejudice;

3. Awarding BBW its costs and reasonable attorneys' fees incurred in connection with the Counterclaims pursuant to 15 U.S.C. 1117(a); and

4. Awarding all such other relief as the Court may deem just and proper.

Dated: New York, New York
December 17, 2012

*/s/ Dale M. Cendali*
Dale M. Cendali
Courtney L. Farkas
Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
dale.cendali@kirkland.com
courtney.farkas@kirkland.com
joshua.simmons@kirkland.com

Diana Torres
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
diana.torres@kirkland.com

Attorneys for Plaintiff
BATH & BODY WORKS BRAND
MANAGEMENT, INC.